UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILBERT TAYES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:16-CV-306 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM**

Before the Court is the amended motion of Wilbert Tayes to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. In his motion to vacate, movant seeks a reduction of his sentence based on the decision of the United States Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551 (2015).

In *Johnson*, the Court held the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another."* 18 U.S.C. § 924(e)(B) (emphasis added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.

In the instant case, Tayes pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, Tayes was found to be an armed career criminal based on his prior Missouri felony convictions for (1) assault first degree and armed criminal action; (2) unlawful use of a weapon-flourishing; and (3) possession with intent to distribute a controlled substance. He was sentenced to a mandatory minimum sentence of 180 months' imprisonment, pursuant to 18 U.S.C. § 924(e)(1).

In the instant motion, Tayes argues that, in light of *Johnson,* he does not have the requisite felony convictions to qualify as an armed career criminal. In *Johnson*, the Supreme Court left intact the ACCA's enhanced penalty where the defendant's predicate offenses involved the distribution of or the possession with intent to distribute a controlled substance. Tayes does not dispute this, nor does he contend that his conviction for assault first degree and armed criminal action is not a violent felony under the ACCA. He argues, instead, that the crime of unlawful use of a weapon is not a violent felony and, therefore, it cannot be counted as a predicate offense.

In *United States v. Pulliam*, 566 F.3d 784 (8th Cir. 2009), the Eighth Circuit held that the "Missouri's crime of unlawful use of a weapon meets the statutory definition of violent felony in [18 U.S.C] § 924(e)(2)(B)(i) because it involves the 'use, attempted use, or threatened use of physical force against the person of another.'" *Id.* at 788 (citation omitted). Recently, in *United States v. Hudson*, 851 F.3d 807 (8th Cir. 2017), the Eighth Circuit ruled that *Pulliam* was still good law "in light of intervening Supreme Court decisions," including *Johnson. Id.* at 808. The court wrote that "[d]isplaying a weapon that is 'readily capable of lethal use' before

2

another in an angry or threatening manner qualifies as threatened use of physical force against another." *Id.* at 810. Thus, the court held that the crime of unlawful use of a weapon, in violation of Mo. Rev. Stat. § 571.030.1(4), is a violent felony for purposes of the ACCA. *Id.*

Tayes' contention that he does not have the requisite number of predicate felony convictions to qualify as an armed career criminal is unavailing in light of *Hudson*. The Court concludes that motion to vacate and the files and records of this case conclusively show that Tayes is not entitled to relief under 28 U.S.C. § 2255. Therefore, the motion will be denied without a hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the Court finds that Tayes has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. ϲ 2253.

                                                 _____
                                                 CAROL E. JACKSON
                                                 UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2017.